IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FIRST ARKANSAS BANK & TRUST                                   PLAINTIFF

MARY L. HOWARD                                  PLAINTIFF IN INTERVENTION

v.                              No. 4:09-cv-949-DPM

LINCOLN BENEFIT LIFE COMPANY                                  DEFENDANT

ORDER

On 28 February 2009, how many months had "elapsed since" Lincoln Benefit issued the $2 million insurance policy on Danny Howard's life? If the answer is thirty-nine months, then First Arkansas and Mary Howard are entitled to judgment. But if the answer is forty, Lincoln Benefit owes nothing. The parties have filed cross motions for summary judgment; and the Court agrees that no material facts are disputed. *Walnut Grove Partners, L.P. v. American Family Mutual Insurance Co.*, 479 F.3d 949, 951–52 (8th Cir. 2007).

1. On 28 February 2009, the Howards missed a quarterly payment on the Lincoln Benefit life insurance policy. This policy, however, contained a

"Safety Net Premium" provision: "If total payments, less partial withdrawals and policy debt, are greater than or equal to the [product] of the monthly safety net premium times the number of months elapsed since the issue date, then the policy is guaranteed to stay in force . . . ." *Document No. 40-1, at 12.* This safety-net threshold is calculated monthly; and when the total amount of premiums paid falls below the threshold, a sixty-one-day grace period begins. If the insured dies during that grace period, Lincoln Benefit will pay the death benefit, less "any due and unpaid monthly deductions and policy debt owed[.]" *Document No. 40-1, at 12.*

The parties agree that on February 28th, the Howards had paid $155,413.37 in premiums. Their dispute is whether this amount was sufficient to trigger the safety-net provision or whether the policy immediately entered its grace period.

Lincoln Benefit says that forty months had elapsed since the policy was issued on 28 November 2005. If the company is correct, then the safety net premium threshold was $157,586.80; the Howards' premium payments fell below the threshold amount; and the policy immediately entered a grace period that ran from February 28th to April 1st. Danny Howard committed

suicide on 11 May 2009, after coverage ended according to Lincoln Benefit's calculation.

First Arkansas and Howard say only thirty-nine months had elapsed. If they are correct, then the safety net premium threshold was $153,647.13; the Howards' payments were sufficient for the safety-net provision to kick in for February 2009; and the policy's grace period began a month later, running from March 28th to May 28th. That calculation puts the end of the grace period about two weeks after Danny Howard's death.

**2.** Resolving the thirty-nine/forty dispute is a matter of this policy's clear language. "[W]here there is no ambiguity in an insurance policy contract, it is the duty of the courts to interpret the provisions of the contract according to the plain import of its language[.]" *Fidelity & Casualty Co. of New York v. Marion L. Crist & Associates, Inc.*, 248 Ark. 1010, 1024, 455 S.W.2d 904, 911 (1970). Further, "insurance policies are to be liberally construed in favor of the insured[.]" *Ibid.*

"Elapsed" is the most important word in the parties' dispute. The plain meaning of elapse is "[t]o slip by, pass away, expire." THE OXFORD ENGLISH DICTIONARY, Volume V, 107 (2d ed. 1998). An elapsed month is one that has

begun and passed. The use of the word "since" in the key policy provision supports this meaning: it also indicates time passing. BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE 748 (3d ed. 2009). How many months had elapsed — that is, had come and gone — since the issue date? Thirty-nine. Forty months had begun, but only thirty-nine had ended.

The error in Lincoln Benefit's math appears on the face of a calculation sheet it provided at the Court's request. *Document No. 64-1*. The parties agree that the monthly safety net premium amount was $3,939.67. The safety-net threshold is determined by multiplying that amount by the number of months that have elapsed since the issue date. On the issue date, no months had elapsed "since the issue date." The threshold should therefore have started at $0. But Lincoln Benefit's calculation sheet shows that the safety net threshold on 28 November 2005 (the issue date of the policy insuring Howard's life) was $3,939.67. The calculation sheet demonstrates that Lincoln Benefit began counting months on the issue date, contrary to the clear language of the policy. It should have started counting when the first month elapsed on 28 December 2005.

When the Howards missed their quarterly premium payment in

February 2009, only thirty-nine months had "elapsed since the issue date" of the policy. Danny Howard therefore died during the sixty-one-day grace period; and Lincoln owes the death benefit, less any premium due for coverage during the grace period and any policy debt. ARK. CODE ANN. § 23-81-104(b) (Repl. 2004); *Document No. 40-1, at 12*.

3. Because Mary Howard assigned half her interest in the Lincoln Benefit policy to First Arkansas, each is entitled to half of the damages. They are entitled to the policy's $2 million face value, less any premium due and any debt owing, plus the 12 percent statutory penalty on the net figure. ARK. CODE ANN. § 23-79-208(a)(1) (Supp. 2011). The Court requests the parties' help in calculating the precise amount. Howard and First Arkansas are also entitled to prejudgment interest because "the amount of damages is definitely ascertainable by mathematical computation[.]" *Ozarks Unlimited Resources Co-op., Inc. v. Daniels*, 333 Ark. 214, 224, 969 S.W.2d 169, 174 (1998). The Court encourages all the parties to confer and see if they can agree on the prejudgment interest rate, the start date, and a *per diem* amount. *Compare*, ARK. CODE ANN. § 23-81-118 (Repl. 2004), *with Shepherd v. State Auto Property and Casualty Insurance Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993). Howard and

First Arkansas are also entitled to a reasonable attorney's fee, ARK. CODE ANN. § 23-79-208(a)(1) (Supp. 2011), which the Court hopes the parties can also agree on. The parties should file a joint paper on these issues, or Howard and First Arkansas should file a motion on them, by 4 November 2011. The Court will not enter judgment until remaining issues are resolved.

* * *

First Arkansas's and Mary Howard's motions for summary judgment, *Document Nos. 40 & 43*, are granted. Lincoln Benefit's motion for summary judgment, *Document No. 37*, is denied. And the pending motion *in limine*, *Document No. 48*, is denied as moot.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

18 October 2011